IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| COMTECH GLOBAL, INC.<br>1103 Schrock Road, Suite 102<br>Columbus, OH 43229,<br><br>    Plaintiff,<br><br>v.<br><br>GENERAL DYNAMICS CORPORATION<br>11011 Sunset Hills Road<br>Reston, VA  20190-5311<br><br>SERVE:<br><br>C T CORPORATION SYSTEM<br>Registered Agent<br>4701 Cox Road, Suite 285<br>Glen Allen, VA, 23060<br><br>and<br><br>DOES 1-10,<br><br>    **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff Comtech Global, Inc. ("Comtech"), by and through undersigned counsel, hereby files this action against Defendants General Dynamics Corporation ("GDC") and several as yet identified Doe defendants, and in support thereof states as follows:

## I. INTRODUCTION

1. This is an action brought for fraud in contracting, alleging that GDC breached its fiduciary duty of care to Plaintiff Comtech, a joint venture partner, in allowing employees of GDC or other General Dynamics entities, to participate in a fraudulent scheme by the Doe Defendants to solicit bids for the delivery of laptop computers, which Plaintiff, acting in good faith, bid on and was told its bid was accepted. Plaintiff delivered the laptop computers but was never compensated. Alternatively, Defendant GDC committed wanton and willful negligence in carrying out its obligations under the joint venture agreement. The Doe Defendants committed actual fraud..

## II. VENUE AND JURISDICTION

2. This Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1332 (a)(1) as the parties are citizens of different States and the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs.

3. Venue is proper in the Alexandria Division of the U.S. District Court for the Eastern District of Virginia pursuant to 28 U.S.C. §§ 127, 1391 and Local Civil Rule 3, as Defendant GDC resides in this judicial district .and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## III. PARTIES

4. Plaintiff Comtech is a corporation organized and existing under the laws of the State of Ohio with its principal office in Columbus, Ohio..

5. Defendant GDC is a corporation organized and existing under the laws of the Commonwealth of Virginia, with its principal office in Reston, Virginia.

## IV.     FACTS

6.     Defendant GDC solicits interested potential suppliers for all General Dynamics companies through the Internet by maintaining the supplier portal (the "Portal") named "General Dynamics Enterprise Supplier Registration Portal (suppliers.gendyn.com)."

7.     On the web page that invites interested potential suppliers to go onto the Portal, advice is given that "We strive to develop strong alliances with small and large businesses that help us supply high-quality products and services to our customers."

8.     The Portal's landing page contains the following introductory paragraph:

> Welcome to the General Dynamics Supplier Registration Portal. General Dynamics' on-line supplier registration process is designed to help General Dynamics companies better identify potential suppliers when opportunities arise. Registration does not constitute approval as a supplier, companies will be evaluated on an opportunity driven basis for teaming and procurement. Registration is an important element in our search for innovative, efficient, and timely supplier, subcontractor and teaming resources. Your registration enables General Dynamics personnel to view your capabilities.

9.     The Portal's landing page also advises potential suppliers seeking to register to assemble certain information that would be used in the registration:

> Please prepare the following documentation before you proceed to register: Company Name; Tax ID Type; Tax ID (or equivalent); DUNS Number; Cage Code; Legal Structure; Year Established; Number of Employees; Gross Annual Sales (3 years); Headquarters Location; Primary Contact; NAICS Codes; Capabilities.

10.     The Portal's landing page also advises that: "By registering on this site, you agree that all information you have provided may be shared among General Dynamics and government representatives. General Dynamics will use the information you

provide consistent for business purposes and requirements, which could include providing information to the government."

11.     Interested potential suppliers are also assured on that same landing page that "General Dynamics takes seriously its obligations to protect all personal data of its employees or other individuals that might provide personal information to the Company for business purposes." This advice could be reasonably interpreted to include the information that a potential interested suppler would upload through the Portal.

12.     The Portal's Terms and Conditions are attached as Exhibit A hereto.

13.     Plaintiff Comtech registered as an interested supplier in April 2019, and has renewed its registration annually. Confirmation of its registrations is attached as Exhibit B hereto.

14.     By accepting GDC's offer to register as a supplier, Plaintiff Comtech and Defendant GDC were thus "agreeing to participate in a joint adventure [more commonly, "joint venture"), which is a special combination of two or more persons, where in some specific undertaking of a business nature a profit or other gain or benefit is jointly sought without any actual partnership or corporate designation." *Jackson Co. v. City of Norfolk*, 197 Va. 62, 67 (1955) *citing Jones v. Galleher & Co.*, 187 Va. 602, 47 S.E. (2d) 333; *Horne v. Holley*, 167 Va. 234, 188 S.E. 169. *See also PGI, Inc. v. Rathe Productions*, Inc., 576 S.E.2d 438, 441, 265 Va. 334 (2003) ("We have previously stated that '[a] joint venture exists where two or more parties enter into a special combination for the purpose of a specific business undertaking, jointly seeking a profit, gain, or other benefit, without any actual partnership or corporate designation," *quoting Roark v. Hicks*, 234 Va. 470, 475, 362 S.E.2d 711, 714 (1987); *see also Smith v. Grenadier*, 203

Va. 740, 744, 127 S.E.2d 107, 110 (1962) (quoting 10 Michie's Jurisprudence, Joint Adventures § 2, p. 695). ("A joint adventure exists when two or more persons combine a joint business enterprise for their mutual benefit, with an express or implied understanding or agreement that they are to share in the profits or losses of the enterprise, and that each is to have a voice in its control and management.")

15. As a consequence of their joint venture agreement, Plaintiff Comtech and Defendant GDC are in privity of contact with each other.

16. The parties to a joint venture are fiduciaries to each other, and owe each other certain fiduciary duties, including a duty of care. *See Meinhard v. Salmon*, 249 N.Y. 458, 164 N.E. 545, 546 (1950).

17. On January 14, 2021, Plaintiff Comtech received an email from an individual identifying himself as Paul Etienne, purporting to be with Global Procurement, General Dynamics Corporation, referencing RFQ- GD187564-001, which read:

> This is to bring to your kind attention that we are seeking new suppliers on IT hardware's (sic) due to covid-19 impact on supplies. You are invited to quote on supplying General Dynamics Corporation with computer equipment in accordance with the specifications below:
>
> PRODUCT- HP Elite Dragonfly 8TX57UT#ABA Intel Core i7 8th Gen 8665U (1.90 GHz) 16 GB Memory 1 TB PCIe NVMe SSD Intel UHD Graphics 620 13.3" Touchscreen 4K 2-in-1 Laptop Windows 10 Pro (64-Bit) QTY- 75 unit
>
> PRODUCT- HP Elitebook x360 1040 G6 8EQ16UT#ABA Intel Core i7 8th Gen 8665U (1.90 GHz) 32 GB Memory 1 TB SSD Intel UHD Graphics 620 14" Touchscreen 3840 x 2160 2-in-1 Laptop Windows 10 Pro QTY - 85
>
> Payment terms: Net 30 days after invoice date.

> Quotation should be submitted before Jan 18, 2021 12:00 hours via e-mail to the following address: quote@generaldynamicscorp.com
>
> We are looking to purchase the items immediately. Please feel free to contact me if you need any further information in order to provide us with a firm price.
>
> We look forward to hearing from you.

A copy of the referenced January 14 email is attached as Exhibit C hereto.

18. On January 18, 2021, Justin Wassel of Plaintiff Comtech responded by email with a quote for RFQ – GD187564-001, stating that one of the two items being requested (Smart Buy Elitebook X360) has reached EOL (end of life) and that HP's replacement in its line has been quoted in its place. A copy of Mr. Wassel's email and the quote for $353,420.15 is attached as Exhibit D hereto.

19. On January 21, 2021, Mr. Etienne responded to Mr. Wessel indicating that 'the management have given their approval,": and attaching a Purchase Order corresponding to the quotation. A copy of Mr. Etienne's response and the Purchase Order are attached as Exhibit E hereto.

20. Because this was a new customer, Plaintiff vetted the identity of Paul Etienne. Plaintiff found a link to zoominfo.com using Google search listing Mr. Etienne under Global Procurement with GDC. A copy of the information from zoominfo.com (available at www.zoominfo.com/p/Paul-Etienne/3994409800) is attached as exhibit F hereto.

21. Plaintiff Comtech, a reseller, in order to satisfy its obligation under the GDC Purchase Order, *see* Exhibit E hereto, ordered $298,837.60 of laptops from Ingram Micro to be delivered to General Dynamics, 2135 James Parkway, Building 3, Heath, Ohio 43056, a warehouse of Mid-Ohio Development Corporation, d/b/a Mid-Ohio

Warehouses, ATTN: Mark James. *See* Comtech Purchase Order Q0120-U1 , attached as Exhibit G hereto.

22. Upon information and belief, Ingram Micro shipped the subject laptops to Mid-Ohio's Heath warehouse in seven shipments, using shippers, Fed Ex, and BTX.

23. Upon information and belief, the laptops were picked up by someone purporting to work for "Circle Logistics," and that person did not work for Circle Logistics and was not delivering the laptops to, or picking up the laptops for, General Dynamics and Mark Jones.

24. Plaintiff Comtech made payments to Ingram Micro of $276,878.00 by check dated February 5, 2021 and of $21,961.60 by wire transfer on April 22, 2021.[1] *See* evidence of payment, attached as Exhibit H.

25. When GDC did not pay as promised, and Mr. Etienne stopped returning communications, Plaintiff became suspicious and investigated. Its investigation and that of Ingram Micro revealed that there was no one named Paul Etienne at GDC, and the Purchase Order GD12121 transmitted by the person using the name Paul Etienne was not a GDC Purchase Order. Further, according to the Ingram Micro investigation, the emails received by Plaintiff Comtech from the individual identifying himself as Paul Etienne and with quote@generaldynamicscorp.com as his sending email address was from a spoofed domain. *See* Ingram Micro Corporate Security Investigation Report, attached as Exhibit I.

---

[1] The total payments Plaintiff made to Ingram Micro totaled $298,839.60 which is two dollars greater than the Purchase Order Q0120-U1 amount of $298,837.60, due to a clerical error.

26. Upon information and belief, based on an internal General Dynamic Information Technology ("GDIT") email, GDC was aware that the name Paul Etienne was used at least one prior fraudulent transaction involving GDC. However, GDC took either no steps or ineffective steps to remove Mr. Etienne's name from zoominfo showing him as affiliated with GDC procurement. *See* GDIT email, attached as Exhibit J.

27. Upon information and belief, there are available in the marketplace, a number of email address authentication mechanisms that work together to provide protection against email spoofing, such as the Sender Policy Framework (SPF), Domain-based Message Authentication, Reporting and Conformance (DMARC), DomainKeys Identified Mail (DKIM), and the Sender ID Framework (SIDF). However, upon information and belief, GDC does not use any such email address authentication mechanisms.

## V.   CAUSES OF ACTION

### Count I: Breach of Fiduciary Duty of Care
### Against Defendant General Dynamics Corporation

28. Plaintiff sets forth and incorporates by reference in this paragraph all allegations set forth in preceding paragraphs numbered 1-27.

29. By virtue of Plaintiff's accepting GDC's offer to become a registered supplier of GDC through listing its name and credentials with the online General Dynamics Enterprise Supplier Registration Portal, Plaintiff and GDC became joint venturers.

30. In joining with Plaintiff in a joint venture, Defendant GDC became a fiduciary of Plaintiff and owed it a duty of care.

31. At the time of the apparently spoofed emails from Paul Etienne, Defendant GDC was aware that the name Paul Etienne had been involved in at least one fraudulent transaction in which Paul Etienne had been falsely identified as a GDC employee.

32. Defendant GDC breached its duty of care by failing to design, adopt, implement, control, direct, oversee, manage, monitor, and audit appropriate data security processes, controls, policies, procedures, protocols, and software and hardware systems to safeguard and protect the personal and financial information entrusted to it by Plaintiff, despite a reasonably foreseeable risk that such failure would result in the unauthorized release, disclosure, and dissemination of Plaintiff's information for fraudulent purposes..

33. Defendant GDC breached its duty of care by not having in place any email authentication protocols that would have allowed Plaintiff to know that it was receiving information from a spoofed domain and not a domain owned by GDC.

34. Defendant GDC's breach of its duty of care was the proximate cause of harm to Plaintiff. .Therefore an award of compensatory damages against GDC is warranted.

35. Defendant GDC acted with "such recklessness or negligence to evince a conscious disregard of the rights of others." *See Hamilton Dev. Corp. v. Broad Rock Club*, 248 Va. 40, 45 (1994). Therefore, an award of punitive damages against GDC is warranted.

### Count II: Willful and Wanton Negligence
### Against Defendant General Dynamics Corporation

36. Plaintiff sets forth and incorporates by reference in this paragraph all allegations set forth in preceding paragraphs numbered 1-36.

37. By virtue of Plaintiff's accepting GDC's offer to become a registered supplier of GDC through listing its name and credentials with the online General Dynamics Enterprise Supplier Registration Portal, Plaintiff and GDC became in privity of contract.

38. Defendant negligently performed its contract with Plaintiff by not exercising its duty of care.

39. At the time of the apparently spoofed emails from Paul Etienne, Defendant GDC was aware that the name Paul Etienne had been involved in at least one fraudulent transaction in which Paul Etienne had been falsely identified as a GDC employee.

40. Defendant GDC breached its duty of care by failing to design, adopt, implement, control, direct, oversee, manage, monitor, and audit appropriate data security processes, controls, policies, procedures, protocols, and software and hardware systems to safeguard and protect the personal and financial information entrusted to it by Plaintiff, despite a reasonably foreseeable risk that such failure would result in the unauthorized release, disclosure, and dissemination of Plaintiff's information for fraudulent purposes.

41. Defendant GDC breached its duty of care by not having in place any email authentication protocols that would have allowed Plaintiff to know that it was receiving information from a spoofed domain and not a domain owned by GDC.

42. Defendant GDC's breach of its duty of care was the proximate cause of harm to Plaintiff. .Therefore an award of compensatory damages against GDC is warranted.

43. Defendant GDC acted with "such recklessness or negligence to evince a conscious disregard of the rights of others." *See Hamilton Dev. Corp. v. Broad Rock Club*, 248 Va. 40, 45 (1994). Therefore, an award of punitive damages against GDC is warranted.

## Count III: Fraud
## Against Doe Defendants 1-10

44. Plaintiff sets forth and incorporates by reference in this paragraph all allegations set forth in preceding paragraphs numbered 1-43

45. Doe Defendants 1-10, as yet unknown, conspired to misuse Plaintiff's information entered into the GDC supplier Portal by sending a spoofed email to Plaintiff under the name Paul Etienne making the false representation that GDC was soliciting offers for laptop computers. *See* Exhibit C hereto.

46. After attempting to vet Paul Etienne through the Internet and learning that zoominfo.com showed a Paul Etienne with GDC procurement, Plaintiff submitted a bid. Plaintiff's bid was accepted by a Paul Etienne from the same email address from which the Purchase Order was sent. The Purchase Order turned out not to be a GDC Purchase Order.. *See* Exhibits D, E, and F hereto.

47. Plaintiff Comtech, a reseller, ordered $298,837.60 of laptops from Ingram Micro to be delivered in accordance with Mr. Etienne's instructions to General Dynamics, 2135 James Parkway, Building 3, Heath, Ohio 43056, a warehouse of Mid-Ohio Development Corporation, d/b/a Mid-Ohio Warehouses, ATTN: Mark James. See Comtech Purchase Order Q0120-U1, attached as Exhibit G hereto.

48. Upon information and belief, Ingram Micro shipped the subject laptops to Mid-Ohio's Heath warehouse in seven shipments, using shippers, Fed Ex, and BTX, .and the laptops were picked up by someone purporting to work for "Circle Logistics," and that person did not work for Circle Logistics and was not delivering the laptops to, or picking up the laptops for, General Dynamics and Mark Jones.

49. Plaintiff Comtech made payments to Ingram Micro of $276,878.00 by check dated February 5, 2021 and of $21,961.60 by wire transfer on April 22, 2021. See evidence of payment, attached as Exhibit H. When GDC did not pay as promised, and Mr. Etienne stopped returning communications, Plaintiff became suspicious and investigated. Its investigation and that of Ingram Micro revealed that there was no one named Paul Etienne at GDC, and the Purchase Order GD12121 transmitted by the person using the name Paul Etienne was not a GDC Purchase Order.

50. Further, according to the Ingram Micro investigation, the emails received by Plaintiff Comtech from the individual identifying himself as Paul Etienne and with quote@generaldynamicscorp.com as his sending email address was from a spoofed domain. See Ingram Micro Corporate Security Investigation Report, attached as Exhibit I.

51. The Doe Defendants committed actual fraud. They, individually and in concert, intentionally and knowingly, made misrepresentations of material fact to Plaintiff with intent to mislead Plaintiff. Plaintiff after vetting Paul Etienne through the Internet reasonably relied on the Doe Defendants' false statements and suffered harm as a consequence. *See Thompson v. Bacon*, 245 Va. 107, 111 (1993).

52. The Doe Defendants' actual fraud was the proximate cause of harm to Plaintiff. .Therefore an award of compensatory damages against the Doe Defendants is warranted.

53. The Doe Defendants acted with actual malice and such recklessness to evince a conscious disregard of the rights of others. See *Hamilton Dev. Corp. v. Broad Rock*

*Club*, 248 Va. 40, 45 (1994). Therefore, an award of punitive damages against the Doe Defendants is warranted.

54. Further, Plaintiff considering the circumstances surrounding the fraudulent acts and the relief sought by Plaintiff should be awarded its reasonable attorneys' fees. *See St. John v. Thompson*, 854 S.E. 2d 648, 651, 299 Va. 431 (2021); *Prospect Development Co. v. Bershader*, 258 Va. 75 (1999).

### Count IV: Civil Conspiracy
### Against Doe Defendants 1-10

55. Plaintiff sets forth and incorporates by reference in this paragraph all allegations set forth in preceding paragraphs numbered 1-54.

56. The Doe Defendants acted in concert for the purpose of willfully and maliciously injuring Plaintiff in its trade and business, and causing harm to Plaintiff, thus meeting the requirements of Va. Code § 18.2-499.

57. Pursuant to Va. Code § 18.2-500, Plaintiff is entitled to three-fold damages and cost of suit, including reasonable attorneys' fees.

WHEREFORE: Plaintiff requests this Court enter a judgment for the Plaintiff on all its claims, and specifically awarding relief to Plaintiff as follows:

- On Count I, against Defendant GDC, compensatory damages in an amount to be proved at trial, punitive damages in an amount of $350.000, costs, and pre-judgment and post-judgment interest;

- On Count II, against Defendant GDC, compensatory damages in an amount to be proved at trial, punitive damages in an amount of $350.000, costs, and pre-judgment and post-judgment interest;

- On Count III, against the Doe Defendants, severally and jointly, compensatory damages in an amount to be proved at trial, punitive damages in an amount of $350.000, costs and reasonable attorneys' fees, and pre-judgment and post-judgment interest;

- On Count IV, against the Doe Defendants, severally and jointly, three-fold compensatory damages in an amount to be proved at trial, costs and pre-judgment and post-judgment interest;

- On all of Plaintiff's Counts, whatever addition relief the Court deems proper and just.

Dated: October 17, 2022                              Respectfully submitted,

                                                                               /s/ *Richard S. Toikka*
                                                          TOIKKA LAW GROUP, LLC
                                                          Richard S. Toikka, VSB #43666
                                                          6710 A Rockledge Drive, Suite 400
                                                          Bethesda, MD 20817
                                                          240-255-3324 (phone)
                                                          240-255-3326 (fax)
                                                          rst@toikkalawgroup.com (email)

                                                          *Counsel for Plaintiff*